IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY O'NEAL WILLIAMS, | ) | |
| ID # 1014941, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-0717-G (BH) |
| | ) | ECF |
| DIRECTOR DOUGLAS DRETKE, et al., | ) | Referred to U.S. Magistrate Judge |
|     Respondents. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner filed the instant petition for writ of mandamus to compel respondents, Douglas Dretke Director of the Texas Department of Criminal Justice; Katherine A. Drew, Dallas County District Attorney; and United States District Judge Barbara M. G. Lynn, to correct a clerical error and to require a response regarding petitioner's issues of ineffective assistance of counsel regarding his state writ W00-31809-Q(A) and a prior federal habeas action, Cause No. 3:04-CV-2001-M. He also prays for an order to "compel the District Clerk of Dallas County to file this document [(the writ of mandamus)] and notify him of procedures correcting the Clerical errors, and any response existing in this matter." He claims that a clerical error in the state criminal action resulted in a fifty-year sentence when his punishment range should not have exceeded twenty years. He further claims that the courts have not addressed his claims of ineffective assistance of counsel. No process has been issued in this case.

## II. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal if the Court finds the action "frivolous" or "malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

## III. MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Under this section, the Court may only compel federal actors or agencies to act. In addition, § 1361 limits such compelled action to the performance of a duty owed to the plaintiff, or in this case, the petitioner.

Petitioner seeks to compel the District Judge who presided over his federal habeas action to correct a clerical error related to his state conviction. The Court dismissed that habeas action as untimely, denied a request for relief from judgment pursuant to Fed. R. Civ. P. 60(b), and denied petitioner's motion for reconsideration. Petitioner has not shown that Judge Lynn owes him any duty to act to correct an alleged clerical error related to a state conviction. Although federal judges

2

have a duty to take action on matters pending before them, Judge Lynn has fulfilled that duty in petitioner's federal habeas action. In the absence of a duty owed to petitioner by Judge Lynn, the Court is without authority to grant a writ of mandamus. Furthermore, no district judge has the power of appellate review over the other judges of this court. *See In re McBryde*, 117 F.3d 208, 223, 225-26 (5th Cir. 1997) ("a district judge lacks the power of appellate review over his fellow district court judges") ("the chief judge cannot sit as a quasi-appellate court and review the decisions of other judges in the district via his § 137 assignment power"). Additionally, "the structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction." *Id.* at 225 n.11 (quoting *Dhalluin v. McKibben*, 682 F. Supp. 1096 (D. Nev. 1988)). For all of these reasons, the Court should deny the instant writ of mandamus to the extent it relates to Judge Lynn.

In addition, § 1361 grants no jurisdiction to this Court to dictate action by state employees. *See Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that the federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought"). This Court is therefore without power to order the state respondents to correct the alleged clerical error, require a response to petitioner's claims of ineffective assistance of counsel, or to take any other action. Consequently, the instant petition lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of mandamus be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915A(e)(2)(B).

**SIGNED this 31st day of July, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE